**MICHAEL M. EDWARDS**
Nevada Bar No. 6281
E-Mail: Michael.Edwards@wilsonelser.com
**J. SCOTT BURRIS**
Nevada Bar 10529
E-Mail: J.Scott.Burris@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
Tele: 702. 727.1400
Fax:  702. 727.1401
Attorneys for Plaintiff
*Principal Financial Services, Inc.*

Richard B. Biagi (admitted *pro hac vice*)
Illinois Bar No. 6274572
E-Mail: rbiagi@nealmcdevitt.com
Kevin J. McDevitt (admitted *pro hac vice*)
Illinois Bar No. 6205086
E-Mail: kmcdevitt@nealmcdevitt.com
Jeremy M. Roe (admitted *pro hac vice*)
Illinois Bar No. 6296443
E-Mail: jroe@nealmcdevitt.com
**NEAL & MCDEVITT, LLC**
1776 Ash Street
Northfield, Illinois 60093
Tele. 847.441.9100
Fax   847.441.0911

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., <br><br>     Plaintiff, <br>v. <br><br> PFRESOURCES, LLC, *et al*. <br><br>     Defendants. | Case No.  2:11-cv-00009-KJD-LRL <br><br> **PROTECTIVE ORDER GOVERNING THE USE AND DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |

1. "Confidential information" as used in this Order shall include, without limitation, trade secrets, research and development information, customer lists and such other information as a

250331.1

party may deem confidential, proprietary or otherwise not appropriate for public disclosure. "Confidential" information shall be designated as such by the party disclosing such information (the "disclosing party") or by any other party hereto, whether such disclosure is voluntary, through discovery, or otherwise made.

2. As used herein, the term "document" shall include, without limitation, exhibits, documents, electronically stored information and things, answers to interrogatories, responses to requests for admissions, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing, or anything else that would fall within the definition of documents, electronically stored information or tangible things in Rule 34, Federal Rules of Civil Procedure. Any document may be designated by a party with the notation that it is "Confidential" information.

3. All documents produced in this case shall be used solely for purposes of the above captioned litigation and for no other purpose.

4. Documents designated "Confidential" shall be available only to the parties' counsel (including in-house and outside counsel), counsel's paralegals, secretarial and clerical personnel, one designated representative of each party (as disclosed to the other party) and experts and consultants retained by counsel for assistance with respect to this litigation as qualified under Paragraphs 6 and 7 below.

5. Documents designated "Attorneys Eyes Only" shall be available only to the parties' outside counsel.

6. "Confidential" information and documents designated as "Confidential" may be made available to third party experts and consultants and employees of such experts and consultants who are assisting them, under the following procedure:

    a. Before "Confidential" information or documents are disclosed to any expert or consultant (or employees thereof), the party wishing to disclose such information (the "proposing counsel") shall provide to the opposing party:

2

250331.1

        i.      Such expert or consultant's name, business address, present employer, a brief description of the person's employment history for the last three (3) years and, if available, a curriculum vitae;

        ii.     The names of any employees who will be assisting the expert or consultant; and

        iii.    A statement that the expert or consultant or employee thereof has read this Order and agrees to be bound thereby.

    b.    Unless counsel of record for any party shall notify proposing counsel of its objection to any person proposed hereunder within five (5) business days after the submission of the information referred to above, such person(s) shall thereafter be entitled to receive "Confidential" documents or information pursuant to the terms and conditions of this Order.

    c.    Should counsel of record notify proposing counsel of its objection to any expert or consultant proposed hereunder, proposing counsel may thereafter move the court for an order permitting such person to receive "Confidential" documents or information; provided, however, that no such information may be disclosed to any person as to whom an objection has been made until the motion is decided by the court.

    d.    Each party agrees that it will not directly contact any expert or consultant (or employee thereof) of the adverse party whose identity is revealed under this paragraph, provided, however, that the parties may take discovery of expert witnesses who are designated as testimonial witnesses as permitted by Rule 26(b)(4) of the Federal Rules of Civil Procedure with respect to trial witnesses.

7.    Each person receiving "Confidential" documents or information in accordance with Paragraph 4, as a designated representative, or under Paragraph 6, as an expert, must sign an agreement in the form attached hereto as Exhibit A not to disclose or use the information except in

3

250331.1

accordance with the terms of this Order.  All executed agreements shall be made available for inspection and copying upon request by other counsel of record in this litigation proceeding.

8.   If, during the course of any deposition, counsel for any of the parties in this litigation asserts that the subject matter is "Confidential." all testimony relating to such subject matter shall be sealed and subject to disclosure only as provided by this Order for documents designated "Confidential" or "Attorneys Eyes Only."  Counsel for either party shall have the right to exclude from oral depositions, other than the deponent and the reporter, any person who is not a member of the class set forth in Paragraphs 4 through 7 hereof, but such right of exclusion shall be applicable only during periods of examination or testimony relating to "Confidential" information.  Any court reporter transcribing testimony in this action at a deposition shall be instructed appropriately regarding all "Confidential" documents or information.

9.   If any "Confidential" or "Attorneys Eyes Only" information or documents are to be filed with or presented to the court, or included in briefs, memoranda or other papers filed with the court, such documents shall be filed in a sealed envelope bearing the legend "This envelope, filed in this case by [name of party] contains ["Confidential"] information and is not to be opened or the contents thereof revealed except by prior order of the court."  All oral presentations to the court including or referring to the contents of any such documents shall be held in camera, unless the court orders otherwise.

10.   Documents designated "Confidential" or "Attorneys Eyes Only" shall be maintained in the custody of counsel of record for the parties.  Partial or complete copies of these documents may be retained by persons entitled to access to such documents under Paragraphs 4 through 7 of this Order to the extent necessary for their study, analysis and preparation of the case.  A person with custody of documents designated "Confidential" or "Attorneys Eyes Only" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

11.   Should any document or information be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party disclosing same shall use its

4

250331.1

best efforts to bind such person to the terms of this Order; and the party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the party that designated the document as "Confidential" or "Attorneys Eyes Only"; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A and promptly serve the executed agreement upon the party designating the document as "Confidential" or "Attorneys Eyes Only."  If the disclosed information or documents have been designated as "Attorneys Eyes Only," in addition to the remedial actions set forth in Paragraphs 14(a)(b) and (c), the party that designated the information or document as "Attorneys Eyes Only" shall be entitled to immediately bring the disclosure to the attention of the Court for further appropriate action.

12. A receiving party shall be under no obligation to object to the designation of any document as "Confidential" or "Attorneys Eyes Only" at the time the designation is made, or at any other time, and a failure to object shall not constitute acquiescence or an agreement to the characterization of a document as confidential.

13. The purpose of this Order is to facilitate discovery in this proceeding, and in no manner shall it affect the application of any state or federal law regarding the confidentiality of information or documents.

14. Any party requesting removal of the "Confidential" or "Attorneys Eyes Only" treatment with respect to any information or document may file and serve a motion for an Order directing that the document or information shall not be treated as "Confidential" or "Attorneys Eyes Only" pursuant to this Order.  The movant shall have the burden of proving that such document or information already has become generally known in the trade without any unauthorized disclosure by movant, or has been disclosed to third parties without any obligation to keep the document or information confidential, or has been disclosed by use or sale, or that there is otherwise good cause for removing the designation.  If such a motion is made, the parties shall treat the document or information as "Confidential" or "Attorneys Eyes Only," as designated, until the motion is decided by the court.

250331.1

15. Documents or information designated as "Confidential" or "Attorneys Eyes Only" pursuant to this Order shall be introduced into evidence only under an appropriate order ensuring, to the extent possible, maintenance of the confidential status of such documents or information unless the "Confidential" or "Attorneys Eyes Only" designations have been removed by agreement or by the court.

16. Upon final disposition of this proceeding, the attorneys for the parties shall return promptly to the party or witness from whom they were obtained all documents, other than attorney work product, which have been designated "Confidential" or "Attorneys Eyes Only" and return or destroy all copies made thereof, or notes made therefrom, including all documents, copies, or notes provided by a party to any other person. Upon final disposition of this litigation, counsel will excise from attorney work product materials all information derived from documents designated by the opposing party as "Confidential" or "Attorneys Eyes Only," or will destroy that work product material. Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of materials made part of the record or which have been filed under seal with the court. Such file copies must be maintained under the conditions set out in Paragraphs 4 through 7.

17. Nothing herein shall prohibit a party, or its counsel, from disclosing documents or information designated as "Confidential" or "Attorneys Eyes Only" to representatives, employees or witnesses of the producing party or to a person a document identifies as an author or addressee of such document.

18. In the event any person or party having possession, custody or control of any documents or information designated as "Confidential" or "Attorneys Eyes Only" receives a subpoena or other process or order to produce such documents or information, such person or party shall notify the attorneys of record of the party or person claiming such confidential treatment, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by any party whose interests may be affected. The party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or

order shall be entitled to comply with it except to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

19. The court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions or additions to this Order as the court may from time to time deem appropriate.

20. The parties hereto reserve all rights to apply to the court at any time, before or after termination, for an Order: (a) modifying this Order; (b) seeking further protection against discovery or other use of "Confidential" information, or documents, transcripts, or other materials reflecting "Confidential" information; or (c) seeking further production, discovery, disclosure or use of claimed "Confidential" information, or documents, transcripts, or other materials reflecting "Confidential" information.

21. The parties contemplate exchanging documents and information that is covered by the attorney-client privilege or constitutes work product. To the extent that any such information is disclosed, the parties acknowledge that the voluntary disclosure of such information does not waive any rights or privileges with respect to other information or documentation that may be covered by the attorney-client privilege or may constitute work product.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
KENT J. DAWSON

Dated:_____July 21st 2011_____

Respectfully submitted,

/s/ Michael M. Edwards
Michael M. Edwards
J. Scott Burris
Wilson Elser Moskowitz Edelman & Dicker LLP
300 South 4th Street, 11th Floor
Las Vegas, NV 89101-6014
michael.edwards@wilsonelser.com
j.scott.burris@wilsonelser.com

7

250331.1

1  702.727.1400; Fax 702.727.1401

2  Richard B. Biagi (admitted *pro hac vice*)
   Illinois Bar No. 6274572
3  E-Mail:  rbiagi@nealmcdevitt.com
   Kevin J. McDevitt (admitted *pro hac vice*)
4  Illinois Bar No. 6205086
   E-Mail:  kmcdevitt@nealmcdevitt.com
5  Jeremy M. Roe (admitted *pro hac vice*)
   Illinois Bar No. 6296443
6  E-Mail:  jroe@nealmcdevitt.com
   N<small>EAL</small> & M<small>C</small>D<small>EVITT</small>, LLC
7  1776 Ash Street
   Northfield, Illinois 60093
8  847.441.9100; Fax 847.441.0911
   *Attorneys for Plaintiff*

8

250331.1

# EXHIBIT "A"

# EXHIBIT "A"

**AGREEMENT CONCERNING INFORMATION COVERED BY
A STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he (she) has read the attached Stipulated Protective Order, understands its terms and agrees to be bound by those terms.

Dated: _____            _____
                                                         Signature


                                           _____
                                                    Type or print name

250333.1